**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

**STREET RETAIL LLC**

     Plaintiff,

v.

**CURT MANUFACTURING, LLC,**
**U-HAUL INTERNATIONAL, INC.,**
**HYUNDAI MOTOR AMERICA,**
**PETER BENZINGER, AND**
**KATHARINE BENZINGER**

     Defendants.

---

Civil Action No. _____

**NOTICE OF REMOVAL**

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Curt Manufacturing, LLC ("Curt Manufacturing"), by and through its undersigned counsel, hereby files this Notice of Removal of the case styled *Street Retail LLC v. Curt Manufacturing, LLC, U-Haul International, Inc., Hyundai Motor America, Peter Benzinger, and Katharine Benzinger*, Case No.: 2484CV00411 from the Massachusetts Superior Court, Suffolk County. The grounds for removal are as follows:

### I.   BACKGROUND.

1.     On February 14, 2024, Plaintiff, Street Retail LLC, filed a Complaint in the Massachusetts Superior Court, Suffolk County, styled as *Street Retail LLC v. Curt Manufacturing, LLC, U-Haul International, Inc., Hyundai Motor America, Peter Benzinger, and Katharine Benzinger*, Case No.: 2484CV00411.

2.      Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings and filings served upon Curt Manufacturing is attached hereto as **Exhibit A**, consisting of the complaint, summons, and civil cover sheet.

3.      According to the Complaint, this case arises from a garage fire at an apartment building.  (Compl. ¶ 8.)  Plaintiff alleges that it owned the Montaje Apartments in Somerville, Massachusetts.  (*Id.* ¶ 7.)  On February 24, 2021, a fire occurred inside the garage attached to the apartment building.  (*Id.* ¶ 8.)  Plaintiff claims that the cause of the fire was the failure of toe hitch wiring on a 2011 Hyundai Veracruz.  (*Id.* ¶ 9.)  The wiring was manufactured by Curt Manufacturing and placed into commerce and installed by U-Haul International, Inc. ("U-Haul").  (*Id.* ¶¶ 10, 14, 31.)  The subject vehicle was sold by Hyundai Motor America ("Hyundai") and owned by Peter Benzinger and Katharine Benzinger. (*Id.* ¶¶ 48-51; 56; 63.)

4.      Plaintiff  asserts claims for breach of implied warranties and negligence against Curt Manufacturing (Counts I and II), alleging that the tow hitch wiring was defective and that Curt Manufacturing was negligent in, among other things, failing to adequately warn of risks associated with the product or provide adequate post-sale notice of the recall.  (*Id.* ¶¶ 13-29.)  Plaintiff asserts similar claims breach of implied warranties and negligence against U-Haul (Counts III and IV), and negligence only against Hyundai (Count V).  (*Id.* ¶¶ 30-51.)  As against Peter Benzinger and Katharine Benzinger, Plaintiff asserts negligence claims (Counts VI and VII) on the grounds that the individuals were negligent in failing to complete the product recall.  (*Id.* ¶¶ 52-65.)  Plaintiff claims damages in the amount of $2,066,935.  (See Civil Action Cover Sheet, included with Complaint in **Exhibit A.**)

 II.    **This Court has diversity jurisdiction.**

5.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because this action involves a controversy between citizens of different states, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Accordingly, this action may be removed to this Court.  28 U.S.C. § 1441.

## A.  Diversity of Citizenship.

### a.  Plaintiff is a Maryland citizen.

6.      Plaintiff Street Retail LLC is a Maryland limited liability company.  (*See* Compl. ¶ 1.).  "For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members."  *Bearbones, Inc. v. Peerless Indem. Ins. Co.*, 936 F.3d 12, 15 n. 3 (1st Cir. 2019).  The sole member of Plaintiff is Federal Realty OP LP, a Delaware limited partnership.  The citizenship of a limited partnership is determined by the citizenship of its members, without regard to the state of organization.  *BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 696 (1st Cir. 2023) (non-corporate legal entities take the citizenship of their members, not the principal place of business or state of organization); *Reisman v. KPMG Peat Marwick LLP*, 965 F. Supp. 165, 176 (D. Mass. 1997) (limited partnership takes citizenship of its partners).

7.      The general partner of Federal Realty OP LP is Federal Realty GP LLC, a Delaware limited liability company.  The sole member of Federal Realty GP LLC is Federal Realty Investment Trust, a publicly traded Maryland Real Estate Investment Trust with a principal place of business at 909 Rose Avenue, North Bethesda, Maryland 20852.  This entity is identified as a corporation by the State of Maryland and is, therefore, a Maryland citizen for diversity purposes. *See Cambridge Place Inv. Mgmt. v. Morgan Stanley & Co.*, 813 F. Supp. 2d 242, 245 (D. Mass.

2011) ("A corporation is deemed to be a citizen of each state in which it is incorporated or has its principal place of business.").

8.      The limited partner of Federal Realty OP LP is also Federal Realty Investment Trust.   Therefore, Federal Realty OP LP is also a Maryland citizen.

9.      Federal Realty OP is the sole member of Plaintiff, and both the limited and general partner for Federal Realty OP are Maryland citizens, thus, Plaintiff is a Maryland citizen.  *BRT Mgmt. LLC*, 68 F.4th at 696 (determining citizenship of unincorporated associations is iterative and requires tracing through each level of membership).

### b.  Defendant Curt Manufacturing is a citizen of Delaware and Indiana.

10.      Defendant Curt Manufacturing LLC is a Delaware limited liability company. (*See* Compl. ¶ 2.)  A limited liability company takes the citizenship of its members.  *Bearbones, Inc.*, 936 F.3d at 15 n. 3.  The sole member of Curt Manufacturing LLC is Lippert Components, Inc., a Delaware corporation with a principal place of business at 3501 County Road 6 E, Elkhart, IN, 46514.   Therefore, Curt Manufacturing is a citizen of Delaware and Indiana for diversity jurisdiction purposes.  *See Cambridge Place Inv. Mgmt.*, 813 F. Supp. 2d at 245 (corporation is a citizen where it is incorporated and headquartered).

### c.  Defendant U-Haul is a Nevada citizen.

11.      Defendant U-Haul is a Nevada Corporation with a principal place of business at 701 S. Carson Street, Suite 200, Carson City, Nevada.  (*See* Compl. ¶ 3.)  Therefore, U-Haul is a Nevada citizen for diversity jurisdiction purposes.  *See Cambridge Place Inv. Mgmt.*, 813 F. Supp. 2d at 245.

### d.  Defendant Hyundai is a California citizen.

12.    Defendant Hyundai is a California corporation with a principal place of business at 10550 Talbert Avenue, Fountain Valley, California. (*See* Compl. ¶ 4.) Therefore, Hyundai is a California citizen for diversity jurisdiction purposes. *See Cambridge Place Inv. Mgmt.*, 813 F. Supp. 2d at 245.

### e. Defendants Peter Bezinger and Katharine Benzinger are Pennsylvania citizens.

13.    Peter Bezinger and Katharine Benzinger are both individuals residing at 917 Lanyard Road, Yardley, Pennslyvania. (*See* Compl. ¶¶ 5-6.) Therefore, the Benzingers are Pennsylvania citizens for diversity jurisdiction purposes. *Bank One, Tex., N.A. v. Montle*, 964 F.2d 48, 49 (1st Cir. 1992) (noting that an individual is "a citizen of the state in which he is domiciled," which is "the place where he has a true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.").

14.    Because Plaintiff is a Maryland citizen and none of the defendants are Maryland citizens, complete diversity of exists.

### B. Amount in Controversy Exceeds $75,000.

15.    Plaintiff claims damages equaling $2,066,935. (See Civil Action Cover Sheet, included with Complaint in **Exhibit A**.) Therefore, the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Purohit v. N. Am., Defendant*, No. 20-10341, 2020 U.S. Dist. LEXIS 255107, at *5-6 (D. Mass. Apr. 8, 2020) (amount-in-controversy requirement satisfied by Defendants' statements in notice of removal and civil cover sheet that alleged damages exceeding $75,000).

### III.    Reservation of Rights.

16.    Curt Manufacturing reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of its entitlement to remove this case.

17.     Curt Manufacturing reserves all defenses and objections available under the applicable law and the filing of this Notice of Removal is subject to, and without waiver of, any such defenses or objections.

Respectfully submitted,

DEFENDANT,
CURT MANUFACTURING, LLC.,
BY ITS ATTORNEY.


Dated: April 5, 2024                    */s/ Javier F. Flores*
                                        Javier F. Flores (#666089)
                                        Dinsmore & Shohl LLP
                                        101 Arch St., Ste. 1800
                                        Boston, MA 02110
                                        Tel: 857-305-6400
                                        Javier.flores@dinsmore.com


## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2024, a copy of the foregoing was served on all parties to the underlying state court action.


                                        */s/ Javier F. Flores*
                                        Javier F. Flores