UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STREET RETAIL LLC, )<br><br>Plaintiff )<br><br>v. )<br><br>CURT MANUFACTURING, LLC, U-HAUL )<br>INTERNATIONAL, INC., HYUNDAI MOTOR )<br>AMERICA, and PETER BENZINGER, and )<br>PETER BENZINGER, and KATHARINE )<br>BENZINGER )<br><br>Defendants ) | CIVIL DIVISION<br>Docket No. 1:24-cv-10893-RGS |

**DEFENDANTS' PETER BENZIGER AND KATHARINE BENZIGER'S (Improperly spelled at "Benzinger") ANSWER TO PLAINTIFF'S COMPLAINT, CROSS-CLAIMS AND DEMAND FOR JURY TRIAL**

Now come the Defendants and make this their Answer to the Plaintiff's Complaint.

1.  The defendants neither admit nor deny the allegations as they are without information or knowledge sufficient to form a belief as to their truth.

2.  The defendants neither admit nor deny the allegations as they are without information or knowledge sufficient to form a belief as to their truth.

3.  The defendants neither admit nor deny the allegations as they are without information or knowledge sufficient to form a belief as to their truth.

4.  The defendants neither admit nor deny the allegations as they are without information or knowledge sufficient to form a belief as to their truth.

5.  The defendants deny.

6.  The defendants deny.

**FACTS**

7.  The defendants neither admit nor deny the allegations as they are without information or knowledge sufficient to form a belief as to their truth.

8.  The defendants neither admit nor deny the allegations as they are without information or knowledge sufficient to form a belief as to their truth.

9.  The defendants neither admit nor deny the allegations as they are without information or knowledge sufficient to form a belief as to their truth.

10. The defendants neither admit nor deny the allegations as they are without information or knowledge sufficient to form a belief as to their truth.

11. The defendants neither admit nor deny the allegations as they are without information or knowledge sufficient to form a belief as to their truth.

12. The defendants neither admit nor deny the allegations as they are without information or knowledge sufficient to form a belief as to their truth.

### COUNT I – BREACH OF IMPLIED WARRANTIES
### (Curt Manufacturing)

13.-21. The defendants state that the allegations contained in these paragraphs state no claim against them and, therefore, no answer is required.

WHEREFORE, the defendants deny that the plaintiff is entitled to judgment of any kind.

### COUNT II – NEGLIGENCE
### (Curt Manufacturing)

22.-29. The defendants state that the allegations contained in these paragraphs state no claim against them and, therefore, no answer is required.

WHEREFORE, the defendants deny that the plaintiff is entitled to judgment of any kind.

### COUNT III – BREACH OF IMPLIED WARRANTIES
### (U-Haul International, Inc.)

30.-38. The defendants state that the allegations contained in these paragraphs state no claim against them and, therefore, no answer is required.

WHEREFORE, the defendants deny that the plaintiff is entitled to judgment of any kind.

### COUNT IV – NEGLIGENCE
### (U-Haul International, Inc.)

39.-46 The defendants state that the allegations contained in these paragraphs state no claim against them and, therefore, no answer is required.

WHEREFORE, the defendants deny that the plaintiff is entitled to judgment of any kind.

## COUNT V – NEGLIGENCE
### (Hyundai Motor America)

47.-51. The defendants state that the allegations contained in these paragraphs state no claim against them and, therefore, no answer is required.

WHEREFORE, the defendants deny that the plaintiff is entitled to judgment of any kind.

## COUNT VI – NEGLIGENCE
### (Peter Benziger)

52. The defendants restate, reallege and incorporate herein their answers to paragraphs 1 through 51 of plaintiff's complaint.

53. The defendants deny.

54. The defendants state that the allegations contained in this paragraph are a conclusion of law to which no answer is required.  To the extent that the allegations apply, the defendants deny.

55. The defendants deny.

56. The defendants deny.

57. The defendants deny.

58. The defendants neither admit nor deny the allegations as they are without information or knowledge sufficient to form a belief as to their truth.

WHEREFORE, the defendants deny that the plaintiff is entitled to judgment of any kind.

## COUNT VII – NEGLIGENCE
### (Katharine Benziger)

59. The defendants restate, reallege and incorporate herein their answers to paragraphs 1 through 58 of plaintiff's complaint.

60. The defendants admit.

61. The defendants state that the allegations contained in this paragraph are a conclusion of law to which no answer is required.  To the extent that the allegations apply, the defendants deny.

62. The defendants deny.

63. The defendants deny.

64. The defendants deny.

65. The defendants neither admit nor deny the allegations as they are without information or knowledge sufficient to form a belief as to their truth.

WHEREFORE, the defendants deny that the plaintiff is entitled to judgment of any kind.

## CROSS-CLAIMS AGAINST CURT MANUFACTURING, LLC

## COUNT I – CONTRIBUTION

1. The plaintiff, Street Retail, LLC ("plaintiff"), has alleged that on or about February 24, 2021 a fire occurred inside the attached parking garage of 449 Canal Street, Somerville, Massachusetts, property which is owned by the plaintiff.

2. If the defendants, Katharine Benziger and Peter Benziger, are liable to the plaintiff, which they expressly deny, they say that the co-defendant Curt Manufacturing, LLC, its agents, servants or employees, were also negligent and therefore are jointly and severally liable to the plaintiff.

3. The defendants say that they are entitled to contribution from the co-defendant Curt Manufacturing, LLC in accordance with the provisions of Massachusetts General Laws Chapter 231B.

WHEREFORE, Katherine Benziger and Peter Benziger demand judgment against the co-defendant Curt Manufacturing, LLC in the amount of its pro rata share of any judgment in favor of the plaintiff, plus interest and costs.

## COUNT II - INDEMNITY

4. The defendants repeat, re-allege and incorporates herein by reference each paragraph of their crossclaim as though specifically set forth fully herein.

5. If the defendants are liable to the plaintiff, which they expressly deny, the defendants say that their negligence is merely vicarious or derivative and that it is entitled to contractual and/or common law indemnity from the co-defendant Curt Manufacturing, LLC, including for all attorneys' fees and expenses incurred by the defendants in connection with this lawsuit.

WHEREFORE, Katharine Benziger and Peter Benziger demand judgment against the co-defendant Curt Manufacturing, LLC in the amount of which they are liable to the plaintiff and for costs, interest, and reasonable attorney's fees.

## CROSS-CLAIMS AGAINST U-HAUL INTERNATIONAL, INC.

### COUNT I – CONTRIBUTION

6. The defendants repeat, re-allege and incorporates herein by reference each paragraph of their crossclaim as though specifically set forth fully herein.

7. If the defendants, Katharine Benziger and Peter Benziger, are liable to the plaintiff, which they expressly deny, they say that the co-defendant U-Haul International, Inc., its agents, servants or employees, were also negligent and therefore are jointly and severally liable to the plaintiff.

8. The defendants say that they are entitled to contribution from the co-defendant U-Haul International, Inc. in accordance with the provisions of Massachusetts General Laws Chapter 231B.

WHEREFORE, Katherine Benziger and Peter Benziger demand judgment against the co-defendant U-Haul International, Inc. in the amount of its pro rata share of any judgment in favor of the plaintiff, plus interest and costs.

### COUNT II - INDEMNITY

9. The defendants repeat, re-allege and incorporates herein by reference each paragraph of their crossclaim as though specifically set forth fully herein.

10. If the defendants are liable to the plaintiff, which they expressly deny, the defendants say that their negligence is merely vicarious or derivative and that it is entitled to contractual and/or common law indemnity from the co-defendant U-Haul International, Inc., including for all attorneys' fees and expenses incurred by the defendants in connection with this lawsuit.

WHEREFORE, Katharine Benziger and Peter Benziger demand judgment against co-Defendant U-Haul International, Inc. in the amount of which they are liable to the plaintiff and for costs, interest, and reasonable attorney's fees.

## CROSS-CLAIMS AGAINST HYUNDAI MOTOR AMERICA

### COUNT I – CONTRIBUTION

11. The defendants repeat, re-allege and incorporates herein by reference each paragraph of their crossclaim as though specifically set forth fully herein.

12. If the defendants, Katharine Benziger and Peter Benziger, are liable to the plaintiff, which they expressly deny, they say that the co-defendant Hyundai Motor America, its agents, servants or employees, were also negligent and therefore are jointly and severally liable to the plaintiff.

13. The defendants say that they are entitled to contribution from the co-defendant Hyundai Motor America in accordance with the provisions of Massachusetts General Laws Chapter 231B.

WHEREFORE, Katherine Benziger and Peter Benziger demand judgment against the co-defendant Hyundai Motor America in the amount of its pro rata share of any judgment in favor of the plaintiff, plus interest and costs.

## COUNT II - INDEMNITY

14. The Defendants repeat, re-allege and incorporates herein by reference each paragraph of their crossclaim as though specifically set forth fully herein.

15. If the defendants are liable to the plaintiff, which they expressly deny, the defendants say that their negligence is merely vicarious or derivative and that it is entitled to contractual and/or common law indemnity from the co-defendant Hyundai Motor America, including for all attorneys' fees and expenses incurred by the defendants in connection with this lawsuit.

WHEREFORE, Katharine Benziger and Peter Benziger demand judgment against the co-defendant Hyundai Motor America in the amount of which they are liable to the plaintiff and for costs, interest, and reasonable attorney's fees.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The defendants say that plaintiff's alleged injuries and damage were caused in whole or in part by the plaintiff's own negligence, which was greater than any negligence of the defendants.

### SECOND DEFENSE

The defendants say that at the time of the alleged accident plaintiff was guilty of a violation of the law that contributed to the accident.

### THIRD DEFENSE

The defendants say that the plaintiff's alleged injuries and damage were caused by a person or persons for whose conduct the defendants are not responsible.

### FOURTH DEFENSE

The defendants say that this action was not commenced within the time required by the laws providing therefor.

## FIFTH DEFENSE

The defendants say that plaintiff's suit is subject to dismissal because of insufficiency of service of process pursuant to Mass. R. Civ. P 12(b)(5) and/or insufficiency of process pursuant to Mass. R. Civ. P 12(b)(4).

## SIXTH DEFENSE

The defendants say that service of process upon them has been insufficient and that the court lacks personal jurisdiction over them.

## SEVENTH DEFENSE

The defendants say that plaintiff's complaint fails to state a claim on which relief can be granted.

## EIGHTH DEFENSE

The defendants say that the plaintiff's suit is subject to dismissal because of improper venue pursuant to Mass. R.. Civ. P 12(b)(3).

## DEFENDANTS DEMAND TRIAL BY JURY ON ALL ISSUES OF FACT.

Respectfully submitted,
Peter Benziger Katharine Benziger,
By their Attorney,

*Jennifer Miller*

_____

Jennifer Miller, Esquire
Law Offices of Cain & Geller
Mailing address: P. O. Box 6835
Scranton, PA 18505-6835
Jennifer.miller03@libertymutual.com
BBO #666842

## CERTIFICATE OF SERVICE

I, Jennifer Miller, Esquire do hereby certify that on April 15, 2024, I have caused a copy of the foregoing document on the parties to the action by e-service or email:

Counsel for Street Retail, LLC

John E. O'Brien, Jr., Esq.
Robinson & Cole LLP
One Boston Place Suite 2500
Boston, MA 02108
jobrien@rc.com

Todd B. Denenberg, Esq.
Denenberg Tuffley, PLLC
28411 Northwestern Highway Suite 600
Southfield, MI 48034
tdenenberg@dtlaw.com

Counsel for Curt Manufacturing, LLC

Javier F. Flores, Esq.
Dinsmore & Shohl LLP
101 Arch Street Suite 1800
Boston, MA 02110
Javier.flores@dinsmore.com

Counsel for Hyundai Motor America

Nelson G. Apjohn, Esq.
Nutter McClennen & Fish LLP
Seaport West, 155 Seaport Boulevard
Boston, MA 02110
napjohn@nutter.com

*Jennifer Miller*

_____
Jennifer Miller