# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STREET RETAIL LLC, | : | |
| | : | |
| Plaintiff, | : | C.A. No.: 1:24-cv-00731 RGA |
| | : | |
| v. | : | |
| | : | |
| CURT MANUFACTURING, LLC, U-HAUL INTERNATIONAL, INC, and PETER BENZINGER and KATHARINE BENZINGER, | : : : : | |
| | : | |
| Defendants. | : | |

## DEFENDANT CURT MANUFACTURING, LLC'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT THEROF

**MARON MARVEL BRADLEY
ANDERSON & TARDY LLC**

 /s/ *Shari L. Milewski*
Shari L. Milewski (DE Bar ID No.5362)
1201 North Market Street, Suite 1100
P.O. Box 288
Wilmington, DE 19899-0288
Telephone: (302) 425-5177
Facsimile: (302) 425-0180
slm@maronmarvel.com
Attorneys for Defendant
Curt Manufacturing, LLC

Dated: August 16, 2024

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STREET RETAIL LLC, | : |
| Plaintiff, | : C.A. No.: 1:24-cv-00731 RGA |
| v. | : |
| CURT MANUFACTURING, LLC, U-HAUL INTERNATIONAL, INC, and PETER BENZINGER and KATHARINE BENZINGER, | : |
| Defendants. | : |

## DEFENDANT CURT MANUFACTURING, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendant Curt Manufacturing, LLC ("Curt Manufacturing"), by and through its undersigned counsel, hereby moves to dismiss Plaintiff's Complaint and Defendants Katharine Benzinger and Peter Benzinger's Cross-Claims for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I. NATURE AND STAGE OF PROCEEDINGS.

1. Plaintiff originally filed a Complaint in the Massachusetts Superior Court, Suffolk County, styled as *Street Retail LLC v. Curt Manufacturing, LLC, U-Haul International, Inc., Hyundai Motor America, Peter Benzinger and Katharine Benzinger,* Case No. 2484CV00411 on February 14, 2024. (*See* D.I. 1-1, Exhibit A to Notice of Removal.) Plaintiff asserts claims for breach of implied warranties and negligence against Curt Manufacturing (Counts I and II) alleging the tow hitch wiring, manufactured, sold and distributed by it, was defective. (*Id.* at ¶13-29.)

2. The Benzingers filed Cross-Claims for contribution and indemnity against Curt

Manufacturing in conjunction with their Answer on April 15, 2024. (*See* D.I. 7; Counts I and II). The Cross-Claims assert that if the Benzingers are liable to Plaintiff, Curt Manufacturing is liable to the Benzingers pursuant to M.G.L. ch. 231B. (*See Id.*)

3. Curt Manufacturing filed a Notice of Removal on grounds of diversity jurisdiction pursuant to 28 U.S.C. §1332(a) to the United States District Court, District of Massachusetts on April 8, 2024. (*See* D.I. 1.)

4. Curt Manufacturing and U-Haul International, Inc. ("U-Haul") filed Motions to Dismiss for Lack of Personal Jurisdiction on May 3, 2024 and May 24, 2024, respectively. (*See* D.I. Nos. 20-21, 30-31.)

5. On May 31, 2024, Plaintiff filed a Motion to Change Venue to the *United States District Court for the District of Delaware,* conceding that Curt Manufacturing and U-Haul are not subject to personal jurisdiction in Massachusetts. (*See* D.I. 36 and 37.) Specifically, Plaintiff requested a transfer to the District of Delaware because Curt Manufacturing is incorporated in Delaware and subject to the jurisdiction of its courts. (*See* D.I. 37.)

6. On June 20, 2024, Curt Manufacturing and U-Haul filed a joint response stating that they take no position on the Motion to Change Venue, but in doing so, did not waive and expressly reserved their rights to assert any defenses, including procedural and substantive defenses available under applicable law. (*See* D.I. 43.)

7. This Court granted the Motion to Change Venue, stating, in part: "…Because dismissal would result in piecemeal litigation, and because remaining defendants Peter and Katharine Benzinger do not object to litigating in Delaware (the state of incorporation for Curt, the manufacturer of the relevant tow hitch) in lieu of Massachusetts, the Court finds transfer to the District of Delaware to be in the interests of justice…" (*See* D.I. 44.) This case was then

transferred to this Court on June 20, 2024.

8.  Curt Manufacturing and U-Haul's agreed upon deadline to respond to the Complaint is August 16, 2024. (*See* D.I. 63.)

## II. SUMMARY OF ARGUMENT

Curt Manufacturing allegedly sold the subject tow hitch wiring to U-Haul in or before 2011, and issued a recall related to the tow hitch wiring in or about 2011, more than ten years before Plaintiff filed its Complaint.[1] Delaware law requires that breach of implied warranty claims are filed within four years of the breach-when tender of delivery is made-and negligence claims for property damage tort actions within three years of when the tort was committed. Plaintiff failed to bring its cause of action within the applicable statute of limitations period based upon the time of Curt's conduct alleged in the Complaint. Therefore, Plaintiff has failed to state a claim upon which relief can be granted and Curt Manufacturing is entitled to dismissal of Plaintiff's claims and Defendants Katharine Benzinger and Peter Benzinger's Cross-Claims[2] as a matter of law.

## III. STATEMENT OF FACTS

### A. The alleged incident and conduct.

1.  This is a products liability case arising from a garage fire at an apartment building in Massachusetts. (Comp. ¶¶7-8.) Plaintiff owned the Montaje Apartments in Somerville, Massachusetts. (*Id.* at ¶7.) On February 24, 2021, a fire occurred inside the garage attached to the

---

[1] The Complaint alleges that Curt Manufacturing manufactured the Tow Hitch wiring at issue. While Curt Manufacturing reserves its right to contest this allegation, it does not do so for purposes of the instant motion.
[2] Curt Manufacturing seeks dismissal of the Cross-Claims asserted by the Benzingers based upon theories of contribution and indemnity. The factual basis for this action is set forth in the Complaint; the Cross-Claims are derivative of the underlying action and include no additional facts bearing on this motion to dismiss. For ease of reference, this Memorandum discusses the allegations in Plaintiff's Complaint. Unless otherwise indicated, references to the Plaintiff and arguments concerning Plaintiff's failure to state a claim and the sufficiency of the allegations are also intended to encompass the Benzingers' Cross-Claims.

apartment building. (*Id.* at ¶8.) Plaintiff claims that the cause of the fire was the failure of the tow hitch wiring on a "Curt" brand tow hitch on a 2011 Hyundai Veracruz (the "vehicle"). (*Id.* at ¶9.) Curt Manufacturing is alleged to have issued a recall of the tow hitch wiring in or about 2011. (*Id.* at ¶11.) Curt Manufacturing allegedly defectively designed and/or manufactured the product in a manner that caused it to catch fire. (*Id.* at ¶16.)

**B.    The Parties.**[3]

2.    Street Retail LLC is a Maryland limited liability company with its headquarters in Maryland. (*Id.* at ¶1.)

3.    Curt Manufacturing is a Delaware limited liability company with a principal place of business in Indiana. (*Id.* at ¶9.)

4.    U-Haul is a Nevada corporation and is headquartered in Nevada. (*Id.* at ¶3).

5.    Peter Benzinger and Katharine Benzinger, the owners and/or operators of the subject vehicle were alleged to be Pennsylvania residents in the Complaint. (*Id.* at ¶¶5-6; 53-60).

**IV.    ARGUMENT**

   **A.  Motion to Dismiss Standard of Review.**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a Complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss tests the sufficiency of the Complaint's allegations. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993). When reviewing a motion to dismiss, the Court must accept all factual allegations in a Complaint as true and view them in the light most favorable to the plaintiff. *Christopher v. Harbury,* 536 U.S. 403, 406 (2002). "To survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

---

[3] A Stipulation of Dismissal without prejudice of all claims against Hyundai Motor America was filed and entered on June 6, 2024. (*See* D.I. 39)

is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

A statute of limitations defense may be raised under Rule 12(b)(6) "if 'the time alleged in the statement of claim shows that the cause of action has not been brought within the statute of limitations.'" *Schmidt v. Skolas,* 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Robinson v. Johnson,* 313 F.3d 128, 134-35 (3d Cir. 2002)). Plaintiff cannot prove the sufficiency of its Complaint to state a claim against Curt Manufacturing as it was not brought within the relevant Delaware statute of limitations for either the breach of implied warranty or negligence claims. Accordingly, Plaintiff's Complaint as to Curt Manufacturing, and Cross-Claims asserted by the Benzingers, must be dismissed.

### B. Applicable Law.

Where, as here, the jurisdiction of a federal court is founded upon the diversity statute, 28 U.S.C. 1332, the Court applies the substantive law of the state, including choice of law rules, in which the federal court sits. *Carrick v. Zurich-Am. Ins. Group,* 14 F.3d 907, 909 (3d Cir. 1994) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941). In this case, the substantive laws of potentially three or more states are implicated by the allegations in Plaintiff's complaint, and an analysis under the Restatement factors[4] as to substantive law would need to be

---

[4] To the extent there is a dispute as to governing law, the Court will look to Delaware choice of law rules to determine the substantive law that governs the dispute at issue. Delaware courts apply a two-step test for each issue to determine the applicable law. *Caballero v. Ford Motor Co.*, 2014 WL 2900959, at *2 (Del. Super. June 24, 2014) ("Choice-of-law determinations must be made as to each issue when presented, not to the case as a whole.") (quoting *Laugelle v. Bell Helicopter Textron, Inc.*, 2013 WL 5460164, at *3 (Del. Super. Oct. 1, 2013)). First, the Court "determines if there is an actual conflict" between the states' laws. *Caballero,* 2014 WL 2900959, at *2. No actual conflict exists if applying the different laws yields the same result. *Id.* Second, if the states' laws actually conflict, the Court applies the "most significant relationship test" to determine which state's law governs. *Tumlinson v. Advanced Micro Devices, Inc.,* 2010 WL 8250792 at *1-2 (Del. Super. July 23, 2010). The most significant relationship is determined by factors from the Second Restatement of Conflict of Laws: (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied. *Id.* Restatement

conducted. However, "regardless of which state's substantive law is used, procedural matters are generally controlled by the law of the forum state." *Tumlinson v. Advanced Micro Devices, Inc.,* 2010 WL 8250792, at *1-2 (Del. Super. July 23, 2010). In addition, Delaware courts have a tendency in tort actions to apply the substantive laws of the foreign state where the alleged incident occurred and the procedural laws of the forum state. *See Crawford v. Syngenta Crop Prot., LLC*, 2024 WL 2831554, at *3–4 (Del. Super. Ct. May 31, 2024).

Statutes of limitations are generally considered procedural matters. *Pivotal Payments Direct Corp. v. Planet Payment, Inc.,* 2015 WL 11120934 at *3 (Del. Super. Dec. 29, 2015). The general rule is that the statute of limitations of the forum state applies, even when the substantive laws of a foreign state govern the parties' rights in the action. *Id.* Delaware courts have held that "when a complaint alleging a cause of action that arose outside of Delaware is time-barred under the Delaware statute of limitations, the Court need not conduct a choice of law analysis and may apply the Delaware statute of limitations." *Burrell v. AstraZeneca LP,* 2010 WL 3706584 at *4 (Del. Super. Sept. 20, 2010). In order for the statute of limitations of a foreign state to be deemed a matter of substance, rather than procedure, Plaintiff must demonstrate the statute of limitations is "inseparably interwoven" with the substantive laws of the foreign state such that it would be deprived of its legal rights. *U.S. Dominion, Inc. v. Fox Corp.,* 2022 WL 2229781 at *6 n. 68 (Del. Super. June 21, 2022).

In Delaware, to determine the applicable statute of limitations for an action in which plaintiff's injury arose in a foreign state, the court will apply the borrowing statute, 10 *Del. C.*

---

(Second) Conflict of Laws §6(2)(1971). Further, the Restatement describes four additional factors for this determination: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered. Restatement (Second) of Conflicts of Laws § 145(2)(1971).

8121. *Burrell,* 2010 WL 3706584 at *2-3. Under the borrowing statute, "Delaware courts are obliged to apply the Delaware limitations period if it is 'shorter' than the statute of limitations that might apply from another jurisdiction." *Id.* at *4. The purpose of the borrowing statute is to deter forum shopping. *CHC Invs., LLC v. FirstSun Cap. Bancorp.,* 2020 WL 1480857. Here, Plaintiff's claims are time-barred under the applicable Delaware statute of limitations, a procedural matter governed under Delaware law, thereby making a choice of law analysis moot. Moreover, to the extent Delaware's borrowing statute would be applicable and the limitations period of another jurisdiction applied, it would be shorter than Delaware's applicable statute of limitations and Plaintiff's claims would continue to be time-barred.

### C. Both Of Plaintiff's Claims Against Curt Manufacturing Are Time-Barred Under Delaware Law.

#### 1. Plaintiff's breach of implied warranty claim is not timely.

Plaintiff's breach of implied warranty averments against Curt Manufacturing fall squarely under Delaware's version of the Uniform Commercial Code governing the sale of goods. 6 Del. C. §2-725. Delaware law imposes a four-year statute of limitations on actions for breach of a contract for the sale of goods, which includes actions based on an alleged breach of the implied warranties. 6 Del. C. §2-725(1); *Dalton v. Ford Motor Co.,* 2002 WL 338081 at *3 (Del. Super. Feb. 28, 2002). A cause of action for breach occurs "when the breach occurs," which is generally "when tender of delivery is made." 6 Del. C. §2-725(2).

Plaintiff's Complaint was filed on February 14, 2024. (*See* D.I. 1-1) According to Plaintiff's Complaint, the subject faulty tow hitch was allegedly sold to U-Haul, which installed it on a 2011 Hyundai Veracruz (*See* Compl. ¶¶9, 11), and was subject to a recall issued in or about 2011. (*Id.* at ¶11). While the Complaint fails to specify the exact date of sale to U-Haul or installation on the 2011 Hyundai Veracruz, it had to have occurred before the product was

7

recalled in 2011.[5] Thus, the cause of action and breach would have first occurred on or before 2011 when the tow hitch was sold and delivered to U-Haul for installation and the statute of limitation would have expired in or about 2015. Thus, the implied warranty claims were filed beyond the four years after delivery of the Tow Hitch and Plaintiff has failed to state a claim against Curt Manufacturing for breach of implied warranty.

### 2. Plaintiff's negligence claim against Curt Manufacturing is barred by Delaware's three-year statute of limitations.

Plaintiff's negligence claims alleged in Count II are time-barred by the Delaware three-year statute of limitations, 10 *Del.C.* § 8106, because the claims accrued at the time of manufacture or at the latest upon completion of the tender of delivery to U-Haul, both of which events occurred more than three years before this suit was brought.

The general and well-settled law of Delaware is that tort actions accrue under 10 *Del.C.* § 8106 at the time of the occurrence of the wrongful act, and that the statute of limitations begins to run from that date, and ignorance of the cause of action, absent affirmative concealment or fraud, is no obstacle to the operation of the limitation period. *See Ontario Hydro v. Zallea Systems, Inc.,* 569 F.Supp. 1261, 1268 (D. Del. 1983).

The decision in *Mastellone v. Argo Oil Corp.,* 82 A.2d 379, 383 (1951), and the concept enunciated therein-that "…It is well established in common law jurisdictions generally that ignorance of the facts is in the ordinary case no obstacle to the operation of a statute of limitations…" had and has been consistently followed by Delaware courts when applying "accrual type" statutes of limitations as found in 10 *Del.C.* § 8106. *Lembert v. Gilmore,* 312 A.2d 335 (Del.Super.1973); *Howmet Corp. v. City of Wilmington,* 285 A.2d 423 (Del.Super.1971);

---

[5] Requiring Plaintiff to re-plead the allegations and specify the date of installation would be futile, as there is no dispute that the subject sale and installation of the tow hitch wiring occurred more than 10 years prior the incident.

*Nardo v. Guido DeAscanis & Sons, Inc.,* 254 A.2d 254 (Del.Super.1969); *Green v. Loper,* 45 Del. 117, 67 A.2d 856 (1949); *Artesian Water Co. v. Lynch,* 283 A.2d 690 (Del.Ch.1970); *Leibowitz v. Hicks,* 42 Del.Ch. 209, 207 A.2d 371 (Del.Ch.1965); *Glassberg v. Boyd,* 35 Del.Ch. 293, 116 A.2d 711 (Del.Ch.1955). In these cases, the Delaware courts held that actions sounding in tort accrue under 10 *Del.C.* § 8106 at the time the tortious acts were committed, and the statute of limitations began to run at that time and ignorance of the tort does not toll the statute in the absence of affirmative concealment or fraud. In this case, there can be no allegation of affirmative concealment or fraud given Plaintiff's complaint alleges that the tow hitch wiring was subject to a product recall in 2011.

The tortious acts that Curt Manufacturing is alleged to have committed arise from the failure to safely design, manufacture, test, inspect and/or implement the recall of the subject tow hitch. (*See* Compl. ¶¶23-25). All of these alleged wrongful acts accrued prior to or during the manufacturing process of the Tow Hitch, the time of its tender of delivery to U-Haul or at the latest the recall issued in 2011. Ignorance of the alleged negligence did not toll the statute. *Ontario Hydro,* 569 F.Supp. at 1269. The Delaware Supreme Court has never applied the time of discovery exception in cases against a manufacturer, builder or seller of goods in the context of a purely commercial transaction. *Id.* Indeed, the lower courts of Delaware, with rare exception-in an action for negligent construction to realty, have followed the *Mastellone* case and have expressly refused to apply the time of discovery exception to suits seeking damages for negligent design.

Given Curt Manufacturing issued a product recall for the subject tow hitch in 2011, the Court must conclude that the negligence claims are barred.

9

## V. CONCLUSION

Plaintiff's claims against Curt Manufacturing for breach of implied warranties and negligence were not timely brought under Delaware's statute of limitations. Therefore, Plaintiff has failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), and the Court should dismiss Plaintiff's claims and the Benzinger's Cross-Claims against Curt Manufacturing.

Respectfully submitted,

**MARON MARVEL BRADLEY ANDERSON & TARDY LLC**

 /s/ *Shari L. Milewski*
Shari L. Milewski (DE Bar ID No.5362)
1201 North Market Street, Suite 1100
P.O. Box 288
Wilmington, DE 19899-0288
Telephone: (302) 425-5177
Facsimile: (302) 425-0180
slm@maronmarvel.com
Attorneys for Defendant
Curt Manufacturing, LLC

Dated: August 16, 2024

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of August, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing. Parties may access this filing through the Court's CM/ECF System.

 /s/ *Shari L. Milewski*
Shari L. Milewski