# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STREET RETAIL LLC<br><br>                            **Plaintiff,**<br><br>v.<br><br>CURT MANUFACTURING, LLC,<br>U-HAUL INTERNATIONAL, INC.,<br>HYUNDAI MOTOR AMERICA, and<br>PETER BENZINGER, and<br>KATHARINE BENZINGER<br><br>                            **Defendants.** | C.A. No. 24-00731 RGA |

## COMBINED ANSWERING BRIEF OF PLAINTIFF STREET RETAIL LLC IN OPPOSITION TO DEFENDANT CURT MANUFACTURING, LLC and U-HAUL INTERNATIONAL, INC.'S MOTIONS TO DISMISS

 

**ROBINSON & COLE LLP**
Curtis J. Crowther (No. 3238)
1201 N. Market Street, Suite 1406
Wilmington, Delaware 19801
(302) 516-1707
ccrowther@rc.com

Attorneys for Plaintiff

Dated: September 20, 2024

30413719-v1

**TABLE OF CONTENTS**

                                                                                                                **Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

I.      BACKGROUND ........................................................................................................... 1

II.     ARGUMENT ................................................................................................................. 1

          A.      Plaintiff's Negligence Claims Were Timely Filed................................................... 2

          B.      Plaintiff's Breach of Warranty Claims Were Timely Filed ..................................... 4

          C.      Delaware's Borrowing Statute Does Not Apply...................................................... 7

          D.      A Choice of Law Analysis is Not Required............................................................ 9

III.    CONCLUSION............................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Annone v. Kawasaki Motor Corp.*,
   316 A.2d 209 (Del. 1974) ...................................................................................................3

*Back v. Wickes Corp.*,
   375 Mass. 633 (1978) .........................................................................................................5

*Bay State-Spray & Provincetown S.S., Inc. v. Caterpillar Tractor Co.*,
   404 Mass. 103 (1989) ................................................................................................5, 6, 8

*Bell Helicopter Textron, Inc. v. Arteaga*,
   113 A.3d 1045 (Del. 2015) .................................................................................................9

*Cannon v. Sears, Roebuck & Co.*,
   374 Mass. 739 (1978) .........................................................................................................3

*Chaplake Holdings, Ltd. v. Chrysler Corp.*,
   766 A.2d 1 (Del. Super. 2001) ............................................................................................8

*Cline v. Prowler Industries of Maryland, Inc.*,
   418 A.2d 968 (Del. 1980) ................................................................................................4, 5

*Furnari v. Wallpang, Inc.*,
   2014 WL 1678419 (Del. Super. Apr. 16, 2014) ................................................................7

*Healy v. Silverhill Const., Inc.*,
   2009 WL 295391 (Del. Com. Pl. Feb. 5, 2009) ................................................................2

*Jacobs v. Yamaha Motor Corp.*,
   420 Mass. 323 (1995) .........................................................................................................6

*Johnson v. Hockessin Tractor, Inc.*,
   420 A.2d 154 (Del. 1980) ...................................................................................................4

*Kaufman v. C.L. McCabe & Sons, Inc.*,
   603 A.2d 831 (Del. 1992) ...................................................................................................3

*Knauer v. Glaxosmithkline, LLC*,
   2022 WL 18359403 (Del. Super. Dec. 29, 2022) ..............................................................8

*Mullen v. Alarmguard of Delmarva, Inc.*,
   1992 WL 114040 (Del. Super. May 20, 1992), *rev'd on other grounds*, 625
   A.2d 258 (Del. 1993) ..........................................................................................................2

*Pack v. Beech Aircraft Corp.*,
    132 A.2d 54 (Del. 1957) ............................................................................................... 8

*Plumb v. Cottle*,
    492 F. Supp. 1330 ..................................................................................................... 3, 5

*Rudginski v. Pullella*,
    378 A.2d 646 (Del. Super. 1977) ................................................................................. 2

*S&R Associates LP v. Shell Oil Co.*,
    725 A.2d 431 (Del. Super. 1998) ................................................................................. 5

*Saudi Basic Industries Corp. v. Mobil Yanbu Petrochemical Co., Inc. et al.*,
    866 A.2d 1 (Del. 2005) ........................................................................................ 7, 8, 9

*Silvestris v. Tantasqua Reg. School Dist.*,
    446 Mass. 756 (2006) .................................................................................................. 3

*Wilson v. Hammer Holdings, Inc.*,
    850 F.2d 3 (1st Cir. 1988) ........................................................................................... 7

**Statutes**

6 Del. C. § 2-275 ............................................................................................................ 4, 6, 7

6 Del. C. § 2-318 ............................................................................................................ 4, 5, 6, 8

10 Del. C. § 8106 ............................................................................................................... 2, 3

10 Del. C. § 8107 .................................................................................................................. 2

10 Del. C. § 8120 .................................................................................................................. 2

28 U.S.C. § 1631 ................................................................................................................... 3

Mass. Gen. Laws c. 106 § 1-201 .......................................................................................... 6

Mass. Gen. Laws c. 106 § 2-275 ....................................................................................... 4, 6

Mass. Gen. Laws c. 106 § 2-318 ....................................................................................... 6, 8

Mass. Gen. Laws c. 260 § 2A ............................................................................................... 2

Uniform Commercial Code ........................................................................................ *passim*

**Other Authorities**

Restatement (Second) of Torts § 402A ................................................................................ 5

Plaintiff Street Retail LLC ("Plaintiff") hereby submits this Combined Answering Brief in Opposition to the Motions to Dismiss filed by defendants Curt Manufacturing, LLC ("Curt") and U-Haul International, Inc. ("U-Haul").

## I.   BACKGROUND

This is a products liability action arising from a fire. Compl. ¶ 8. Plaintiff owns the Montaje Apartments in Somerville, Massachusetts. *Id.* ¶ 7. On February 24, 2021, a fire occurred inside the garage attached to the apartment building. *Id.* ¶ 8. Plaintiff alleges that the cause of the fire was the failure of tow hitch wiring on a 2011 Hyundai Veracruz (the "Vehicle"). *Id.* ¶ 9. Plaintiff alleges that Peter Benziger (misspelled Benzinger) and Katherine Benziger owned the Vehicle. *Id.* ¶ 53, 60.  Plaintiff alleges that Curt "manufactured, sold, distributed or otherwise placed in the stream of commerce the tow hitch wiring." *Id.* ¶ 14.  Plaintiff alleges the tow hitch wiring had been recalled due to risk of fire. *Id.* at ¶ 11.  Plaintiff claims U-Haul installed the tow hitch wiring. *Id.* ¶ 10.

On April 5, 2024, Curt removed Street Retail's lawsuit from Massachusetts state court to the United States District Court for the District of Massachusetts.  Dkt. No. 1.  On May 3, 2024, Curt moved to dismiss on personal jurisdiction grounds.  Dkt. No. 20.  On May 24, 2024, U-Haul moved to dismiss on personal jurisdiction grounds. Dkt. No. 30.  On June 20, 2024, the District of Massachusetts granted the Plaintiff's motion to transfer this action to the District of Delaware.  Curt is a Delaware limited liability corporation.  (Compl. ¶ 2.)

## II.   ARGUMENT

The Plaintiff's complaint sets forth claims for breach of warranty and negligence against both Curt and U-Haul.  The defendants argue both claims are barred by the statute of limitations.  Both claims were actually timely filed.

1

> The Delaware "borrowing statute" provides as follows:
>
> Where a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state or country where the cause of action arose, for bringing an action upon such cause of action. Where the cause of action originally accrued in favor of a person who at the time of such accrual was a resident of this State, the time limited by the law of this State shall apply.

10 *Del. C.* § 8120.  On its face (see discussion below), the "borrowing statute" applies because the fire that is the subject of this case took place in Somerville, Massachusetts, Compl. ¶ 7-8, so the Court must apply the Massachusetts statute of limitations unless the Delaware limitations period is shorter.

     A.    **<u>Plaintiff's Negligence Claims Were Timely Filed</u>**

Under Massachusetts law, there is a three-year statute of limitations for tort claims. Mass. Gen. Laws c. 260 § 2A.  In Delaware, there is a three-year statute of limitations for negligence claims that arise out of "an injury unaccompanied with force or resulting indirectly from the act of the defendant . . . ."  10 *Del. C.* § 8106.

Curt admits that the Plaintiff's negligence claim is governed by § 8106.  *See Curt Manufacturing Memorandum in Support of Motion*, p. 8.  U-Haul argues (without explanation) that the applicable statute of limitations is set forth in 10 *Del. C.* § 8107 which applies only to claims for "wrongful death" and "injury to personal property."  Plaintiff's claim is for damage to a parking garage.  Delaware courts uniformly apply § 8106 to property damage claims.  *See e.g: Healy v. Silverhill Const., Inc.*, 2009 WL 295391, at *3 (Del. Com. Pl. Feb. 5, 2009) ("Title 10, Section 8106 provides a three year limitations for property damage actions arising out of negligence."); *Mullen v. Alarmguard of Delmarva, Inc.*, 1992 WL 114040, at *4 (Del. Super. May 20, 1992), *rev'd on other grounds*, 625 A.2d 258 (Del. 1993) ("[T]he statute of limitations for the claims for damages to real property is 10 *Del. C.* § 8106, a three-year statute of

limitations."); *Rudginski v. Pullella*, 378 A.2d 646 (Del. Super. 1977) ("the pertinent statute of limitations is found in 10 *Del. C.* § 8106"); *Plumb v. Cottle*, 492 F. Supp. 1330 (D. Del.1980) (applying 10 *Del. C.* § 8106).

The fire took place on February 24, 2001. Plaintiff filed suit on February 14, 2024.[1] Suit was filed within three years. Nevertheless, Curt argues that the Plaintiff's negligence claim is barred because, under Delaware law, the cause of action accrued "at the time of the occurrence of the wrongful act" rather than the date of the fire. *See Curt Manufacturing Memorandum In Support of Motion to Dismiss*, p. 8. Curt is correct that "[i]n general, a cause of action accrues with the occurrence of the wrongful act." *Kaufman v. C.L. McCabe & Sons, Inc.*, 603 A.2d 831, 834 (Del. 1992). However, "[a] cause of action in tort accrues at the time of injury." *Id.*; see also *Annone v. Kawasaki Motor Corp.*, 316 A.2d 209 (Del. 1974) ("The cause of action arose on May 19, 1970 when plaintiff allegedly sustained personal injuries in a fall from a malfunctioning motorcycle which had been manufactured by defendant . . ."); and *Plumb v. Cottle*, 492 F. Supp. 1330 (D. Del. 1980) ("In Delaware, a cause of action in negligence accrues at the time of the injury to the plaintiff.").[2]

Under Massachusetts law, a cause of action for negligence accrues when the plaintiff is injured. *Cannon v. Sears, Roebuck & Co.*, 374 Mass. 739, 742 (1978) ("It appears clear to us that the statute of limitations in a product liability case of this kind must run from the time of injury, not the time of manufacture or sale."); see also *Silvestris v. Tantasqua Reg. School Dist.*,

---

[1] "Whenever a civil action is filed in a court . . . the court shall, if it is in the interest of justice, transfer such action . . . and the action or appeal shall proceed as if it had been filed . . . **on the date upon which it was actually filed in or noticed for the court from which it is transferred**." 28 U.S.C. § 1631 (emphasis added).

[2] Moreover, the defect in the vehicle was "inherently unknowable," particularly to Street Retail, and "[u]nder the time of discovery rule, the limitations period does not begin to run until the plaintiff has reason to know that a wrong has been committed." *Pack & Process, Inc. v. Celotex Corp.*, 503 A.2d 646 (Del. Super. 1984)

446 Mass. 756 (2006) ("As a general rule, tort actions accrue at the time the plaintiff is injured.").

In summary, both Delaware and Massachusetts have a three-year statute of limitations for negligence claims. Plaintiff's negligence claims were timely filed in Massachusetts and therefore they were timely filed for purposes of Delaware's "borrowing statute."

### B.  Plaintiff's Breach of Warranty Claims Were Timely Filed

The Delaware Supreme Court adopted the "majority rule" that breach of implied warranty actions are "governed by [6 *Del. C.*] § 2-725 regardless of whether the action is one of tort or contract." *Johnson v. Hockessin Tractor, Inc.*, 420 A.2d 154, 157 (Del. 1980). The Delaware version of the Uniform Commercial Code provides that "[a]n action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued." 6 *Del. C.* § 2-275(1). In addition, a "cause of action accrues when the breach occurs" and a "breach of warranty occurs when tender of delivery is made . . . ." *Id.* at § 2-275(2).

Curt recalled the tow hitch wiring in 2011 (see Complaint ¶ 11) and Curt correctly observes that "[w]hile the Complaint fails to specify the exact date of sale to U-Haul or installation on the 2011 Hyundai Veracruz, it had to have occurred before the product was recalled in 2011." *See Curt Memorandum In Support of Motion to Dismiss*, pp. 7-8. Curt argues that the statute of limitations on the Plaintiff's breach of implied warranty claim "would have expired in or about 2015." *Id.* at p.8. U-Haul makes the same argument.

Both Curt and U-Haul fail to mention that in Delaware "[a] seller's warranty whether express or implied extends to any **natural person** who may reasonably be expected to use, consume or be affected by the goods and who is injured by breach of the warranty." 6 *Del. C.* § 2-318 (emphasis added). The statute of limitations set forth in § 2-275 does not apply here because Plaintiff's breach of warranty claim does not exist in Delaware. The Delaware Supreme

4

Court has explained that when the legislature implemented the Uniform Commercial Code it had to choose from "three alternative privity sections" and selected "Alternative B, in a somewhat modified form . . . ." *Cline v. Prowler Industries of Maryland, Inc.*, 418 A.2d 968, 978 (Del. 1980). Although not addressed in *Cline*, the trial courts in Delaware have concluded that "[i]t appears that when the legislature decided on a modified Alternative B, as opposed to Alternative C, the legislature expressed an intention to **exclude legal entities from protection**." *S&R Associates LP v. Shell Oil Co.*, 725 A.2d 431, 438 (Del. Super. 1998).

There is no privity between the defendants and the Plaintiff and therefore, as a legal entity, Street Retail does not have a cause of action for breach of implied warranty in Delaware. The "borrowing statute" also does not apply to claims that do not exist in Delaware. In *Plumb v. Cottle*, 492 F. Supp. 1330, 1333 (D. Del. 1980), the plaintiff's Maryland home was damaged in a fire which she blamed on failure of a lightning protection system sold by the defendants. The plaintiff's complaint included a strict liability claim and "[t]he doctrine of strict liability is recognized in Maryland, . . . but not in Delaware in cases involving sales of goods." *Id.* at 1337 (citing *Cline v. Prowler Industries of Maryland, Inc.*, 418 A.2d 968, 978 (Del. 1980)). The court held that "[s]ince strict liability is not recognized in Delaware, Delaware law would not mandate a shorter limitations period than would Maryland law for this cause of action." *Id.* at 1337.

Plaintiff's breach of warranty claim is viable in Massachusetts. Similar to Delaware, the Massachusetts Supreme Judicial Court "declined to recognize a common law tort basis of strict liability based on the principles of [Restatement (Second) of Torts] § 402A . . . ." *Bay State-Spray & Provincetown S.S., Inc. v. Caterpillar Tractor Co.*, 404 Mass. 103, 109 (1989). Unlike Delaware, the Massachusetts legislature "has transformed warranty liability into a remedy intended to be fully as comprehensive as the strict liability theory of recovery that has been

5

adopted by a great many other jurisdictions." *Back v. Wickes Corp.*, 375 Mass. 633 (1978). This more expansive view of warranty liability includes the Massachusetts version of § 2-318 which provides as follows:

> Lack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer, seller, lessor or supplier of goods to recover damages for breach of warranty, express or implied, or for negligence, although the plaintiff did not purchase the goods from the defendant if the plaintiff was a person whom the manufacturer, seller, lessor or supplier might reasonably have expected to use, consume or be affected by the goods. The manufacturer, seller, lessor or supplier may not exclude or limit the operation of this section. Failure to give notice shall not bar recovery under this section unless the defendant proves that he was prejudiced thereby. All actions under this section shall be commenced within three years next after the date the injury and damage occurs.

Mass. Gen. Laws c. 106 § 2-318. The Massachusetts Supreme Judicial Court observed that the "Massachusetts form of § 2-318 goes beyond Alternative C . . . . extending rights to nonprivity plaintiffs who have sustained **property damage** or economic loss." *Jacobs v. Yamaha Motor Corp.*, 420 Mass. 323, n.4 (1995) (emphasis added). In addition, by adopting Alternative C, Massachusetts expanded implied warranties from "any natural person" to any "person." *Id.* The definition of "person" includes "an individual, corporation, . . . limited liability company . . . ." Mass. Gen. Laws c. 106 § 1-201.

As quoted above, the Massachusetts version of section 2-318 contains its own statute of limitations which is three years from the "date the . . . damage occurs." Mass. Gen. Laws c. 106 § 2-318. U-Haul ignores § 2-318 and argues that the court should apply the statute of limitations in § 2-275. The Massachusetts version of § 2-275 uses the same language as the Delaware version meaning it expires four years from the breach of warranty and a breach of warranty occurs "when tender of delivery is made . . . ." Mass. Gen. Laws c. 106 § 2-275. In Massachusetts, "[t]he appropriate statute of limitations to apply to a breach of warranty claim under art. 2 of the Uniform Commercial Code is found by determining the nature of that

6

particular breach of warranty claim." *Bay State-Spray & Provincetown S.S., Inc. v. Caterpillar Tractor Co.*, 404 Mass. 103, 110 (1989).  The court quoted with approval the First Circuit Court of Appeals: "section 2-318 is designed to cover breach of warranty actions that are in essence products liability actions . . . ." *Wilson v. Hammer Holdings, Inc.*, 850 F.2d 3, 7 (1st Cir. 1988).  Plaintiff's claim here is "in essence" a products liability claim, because it seeks recovery for damages from a fire ignited by a defective product as distinguished from a contract claim for delivery of defective merchandise.  This is particularly clear because Plaintiff was not in privity with the defendants.  See *Id*. at 7.

In summary, Plaintiff's breach of warranty claim was timely filed under Massachusetts law and non-privity legal entities, such as Plaintiff, do not have a cause of action under Delaware's version of the Uniform Commercial Code so the "borrowing statute" cannot require the application of the statute of limitations in 6 *Del. C.* § 2-275.

        C.        **Delaware's Borrowing Statute Does Not Apply**

In some cases, a "literal construction of the borrowing statute, if adopted, would subvert the statute's underlying purpose." *Saudi Basic Industries Corp. v. Mobil Yanbu Petrochemical Co., Inc. et al.*, 866 A.2d 1, 16 (Del. 2005).  In *Saudi Basic*, the Delaware Supreme Court refused to allow a party to use Delaware's borrowing statute "to prevail on a limitations defense that would never have been available to it had the . . . claims been brought in the jurisdiction **where the cause of action arose** . . . ." *Id.* at 18 (emphasis added).  Instead, the Court applied Saudi Arabia's *unlimited* statute of limitations and not Delaware's statute of limitations.  *Id.*  The holding in *Saudi Basic* is directly applicable to this case.  Plaintiff's cause of action arose in Massachusetts and the defendants move for dismissal based on the "borrowing statute" and their contention that Delaware has a shorter statute of limitations for both negligence and breach of warranty claims.  However, the Massachusetts statute of limitations should apply to both claims.

7

*See* *e.g.* *Furnari v. Wallpang, Inc.*, 2014 WL 1678419, at *5 (Del. Super. Apr. 16, 2014) ("Plaintiff is not attempting to circumvent the expiration of his claims by filing in Delaware, **he only seeks jurisdiction over the parties**.") (emphasis added).

The holding in *Saudi Basic* is not the only grounds for applying the Massachusetts statute of limitations. The general rule about applying the forum's procedural law is set aside when "[t]he procedural law of a foreign state is so inseparably interwoven with substantive rights as to render a modification of the foregoing rule necessary, lest a party be thereby deprived of his legal rights." *Chaplake Holdings, Ltd. v. Chrysler Corp.*, 766 A.2d 1 (Del. Super. 2001) (citations and internal quotations omitted). In other words, this Court should apply "foreign procedural law as if it were substantive law where failure to do so would be outcome-determinative." *Knauer v. Glaxosmithkline, LLC*, 2022 WL 18359403, at *7 (Del. Super. Dec. 29, 2022) (citations and internal quotations omitted).

The statute of limitations for a breach of warranty claim in Massachusetts is substantive law because it was separately added by the legislature to § 2-318, unlike the other statutes of limitations that are in the Uniform Commercial Code. Mass. Gen. Laws c. 106 § 2-318. "What makes the Massachusetts situation unique (and our commercial code not uniform in this respect) is the Legislature's imposition of the concept of strict liability in tort into § 2-318 of the Uniform Commercial Code." *Bay State-Spray & Provincetown S.S., Inc. v. Caterpillar Tractor Co.*, 404 Mass. 103, 108 (1989). The legislature's "intent" was to create a special statute of limitations for "tort-based warranty claims." *Id.* at 107. Applying the Delaware statute of limitations would be "outcome-determinative" and deprive Plaintiff of substantive rights it had in Massachusetts, i.e., a statute of limitations that ran for three years from the "date . . . the damage occur[ed]." Mass. Gen. Laws c. 106 § 2-318. The cases cited above, *Chaplake Holdings* and *Knauer*, simply apply

the same reasoning as the court in *Saudi Basic*. For example, the Delaware Supreme Court's rationale included an analysis of its holding in *Pack v. Beech Aircraft Corp.*, 132 A.2d 54 (Del. 1957). There, the Delaware Supreme Court explained that, in *Pack*, "[b]ecause the two-year limitations period was 'built in' to New Jersey's statutory cause of action for wrongful death, this Court applied Delaware's borrowing statute so as to 'enforce the New Jersey law as we find it. . . .'" *Saudi Basic Industries v. Mobil Yanbu Pet.*, 866 A.2d 1, 17 (Del. 2005). Because the statute of limitations for tort-based breach of warranty claims is "built in" to the Massachusetts version of the Uniform Commercial Code, the Court should apply it as it is contained in the Massachusetts statute.

### D. A Choice of Law Analysis is Not Required

U-Haul requests that the Court conduct a choice of law analysis and argues that Delaware law should apply to the Plaintiff's claims.[3] For the reasons set forth above, a choice of law analysis is not required to reject the defendants' motions to dismiss.

---

[3] U-Haul relies on cases, which are not relevant here, that determined that the location of a motor vehicle accident was "fortuitous." This lawsuit is about damage to a building in Massachusetts not injuries to the occupant of a vehicle. The allegations in the Plaintiff's complaint do not provide a basis for the defendants to overcome the "the presumption in the Restatement (Second) of Conflicts that the law of the place where the injury occurred should govern the dispute..." *Bell Helicopter Textron, Inc. v. Arteaga*, 113 A.3d 1045, 1048 (Del. 2015).

### III. CONCLUSION

The Delaware statute of limitations for common law negligence claims is the same as Massachusetts and Plaintiff's negligence claims were timely filed in Massachusetts. Plaintiff's breach of warranty claims do not exist in Delaware and therefore the statute of limitations in Delaware's version of the Uniform Commercial Code simply does not apply. Moreover, the statute of limitations for tort-based breach of warranty claims is substantive law in Massachusetts and it therefore overrides the application of the Delaware "borrowing statute" under *Saudi Basic*. For the foregoing reasons, Plaintiff respectfully requests that the Court deny both of the defendants' motions to dismiss.

                                        **ROBINSON & COLE LLP**

                                        */s/ Curtis J. Crowther*
                                        Curtis J. Crowther (No. 3238)
                                        1201 N. Market Street, Suite 1406
                                        Wilmington, Delaware 19801
                                        (302) 516-1707
                                        ccrowther@rc.com

                                        Attorneys for Plaintiff

Dated: September 20, 2024