## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| STREET RETAIL LLC, <br><br> Plaintiff, <br><br> v. <br><br> CURT MANUFACTURING, LLC, U-HAUL INTERNATIONAL, INC., and PETER BENZIGER and KATHARINE BENZIGER, <br><br> Defendants. | Civil Action No. 24-731-RGA |

### MEMORANDUM OPINION

Curtis J. Crowther, ROBINSON & COLE LLP, Wilmington, DE; John E. O'Brien, Jr., ROBINSON & COLE LLP, Boston, MA; Matthew R. Cohen, DENENBERG TUFFLEY, PLLC, Southfield, MI,

     Attorneys for Street Retail.

Shae Lyn Chasanov, TYBOUT, REDFEARN & PELL, Wilmington, DE; Anthony Signoracci, CHARTWELL LAW OFFICES, LLP, Boston, MA,

     Attorneys for U-Haul International, Inc.

Shari L. Milewski, MARON MARVEL BRADLEY & ANDERSON LLC, Wilmington, DE,

     Attorney for Curt Manufacturing LLC.

Theodore J. Segletes, III, LAW OFFICES OF COBB & LOGULLO, Wilmington, DE,

     Attorney for Peter Benziger and Katharine Benziger.

March 24, 2025

ANDREWS, UNITED STATES DISTRICT JUDGE:

Before me are Curt and U-Haul's Motions to Dismiss. (D.I. 64, 66). I have considered the parties' briefing. (D.I. 65, 68, 71, 72, 74, 79, 80, 84). For the reasons set forth below, both motions are DENIED.

## I.    BACKGROUND[1]

On February 24, 2021, a fire occurred inside the garage attached to an apartment building owned by Plaintiff Street Retail. (D.I. 1-1 at 5 of 14). Street Retail alleges that the cause of the fire was faulty wiring on the tow hitch of a vehicle in the garage. (*Id.*). Curt Manufacturing ("Curt"), the manufacturer of the tow hitch, had recalled it in or about 2011. (*Id.*). Street Retail sued Curt, U-Haul, which installed the hitch, and Peter and Katharine Benziger, the owners of the vehicle (*id.* at 5–10 of 14),[2] seeking over two million dollars in property damage. (D.I. 1 at 2 of 6; D.I. 1-1 at 12 of 14). Street Retail initially filed its complaint in Suffolk Superior Court in Massachusetts (D.I. 1 at 1 of 6) on February 14, 2024, bringing multiple claims for negligence and breach of implied warranties. (D.I. 1-1 at 5–11 of 14). The case was removed to the District of Massachusetts, then transferred to this Court. (D.I. 1 at 1 of 6; D.I. 44).

Curt and U-Haul now move to dismiss for failure to state a claim under Rule 12(b)(6) solely on the grounds that the statutes of limitations for the negligence and breach of implied warranties claims have run. (D.I. 65 at 3; D.I. 68 at 3). Curt argues that, under Delaware law, both claims are time-barred; its speaking motion makes no reference at all to Massachusetts law. (*See* D.I. 65). Curt's reply brief cites various Massachusetts statutes and ten cases applying Massachusetts law.

---

[1] This Court has jurisdiction over this case under 28 U.S.C. § 1332(a). (D.I. 1 at 3 of 6).

[2] Street Retail also sued Hyundai Motor America, the seller of the vehicle, but has since stipulated to dismissal of all claims against it. (D.I. 39).

(D.I. 80 at 7-11). U-Haul's opening brief cited one Massachusetts statute and one Massachusetts case. (D.I. 68 at 12-13). U-Haul's reply brief cites an additional Massachusetts statute and three additional Massachusetts cases. (D.I. 79 at 5-6).

## II.  LEGAL STANDARD

Rule 8 requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows the accused party to bring a motion to dismiss the claim for failing to meet this standard. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

A defendant may raise a statute of limitations defense under Rule 12(b)(6) "only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the

statute of limitations." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (cleaned up). However, "if the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Id.* (cleaned up).

## III.    DISCUSSION

I hold that: (1) Delaware law applies to Street Retail's negligence claims; (2) Massachusetts law applies to Street Retail's breach of implied warranties claims; and (3) neither set of claims is time-barred.

### A.    Street Retail's Negligence Claims Are Not Time-Barred Under Delaware's Statute of Limitations Because the Cause of Action Accrued when the Fire Occurred.

Street Retail claims that Defendants were negligent. It alleges that Curt was negligent because it defectively designed the tow hitch, and that both Curt and U-Haul were negligent because they failed to test and inspect the tow hitch adequately, failed to implement a proper recall of the tow hitch, and failed to issue an adequate post-sale warning about the tow hitch's fire hazards. (D.I. 1-1 at 6, 8 of 14). With respect to the Benzigers, Street Retail alleges that each "knew or should have known that the vehicle's tow hitch wiring had been recalled" and that each was "negligent by failing to complete the recall service on the tow hitch wiring." (*Id.* at 9–10 of 14).

The first issue is whether Delaware or Massachusetts law applies. Curt and U-Haul argue that Delaware law applies. (D.I. 65 at 8, D.I. 68 at 11). Street Retail maintains that Massachusetts and Delaware law reach the same result, and there is thus no need for a conflict of laws analysis. (D.I. 74 at 2–4, 9). Under the circumstances, I apply Delaware law. The relevant Delaware statute of limitations provides, "[N]o action to recover damages caused by an injury unaccompanied with

4

force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of such action." 10 Del. C. § 8106.[3]

The second issue is when the cause of action accrues under the statute. According to Curt and U-Haul, tort actions under 10 Del. C. § 8106 accrue at the time the wrongful act occurs. (D.I. 65 at 8; D.I. 79 at 3). That would be "prior to or during the manufacturing process of the Tow Hitch, the time of its tender of delivery to U-Haul or at the latest the recall issued in 2011"—all of which occurred more than three years before Street Retail filed suit and would therefore be time-barred. (D.I. 65 at 9). According to Street Retail, the action accrues at the time of injury. (D.I. 74 at 3). The injury would be when the fire occurred, which was less than three years before Street Retail filed suit, which would therefore not be time-barred. (*Id.*).

Street Retail is correct. "For tort claims, . . . the wrongful act occurs at the time of injury." *ISN Software Corp. v. Richards, Layton & Finger, P.A.*, 226 A.3d 727, 732 (Del. 2020) (footnote omitted). Stated another way, "[t]he rule [upon which Curt and U-Haul rely] that a cause of action generally accrues upon the occurrence of a wrongful act is subject to the accompanying rule that a cause of action in tort accrues at the time of injury." *Id.* at 737 (Vaughn, J., dissenting). Delaware courts have consistently followed this rule. *See, e.g., Kaufman v. C.L. McCabe & Sons, Inc.*, 603 A.2d 831, 834 (Del. 1992); *Abdi v. NVR, Inc.*, 2007 WL 2363675, at *3 (Del. Super. Ct. Aug. 17, 2007), *aff'd*, 945 A.2d 1167 (Del. 2008); *Christiana Marine Serv. Corp. v. Texaco Fuel & Marine Mktg.*, 2002 WL 1335360, at *3 (Del. Super. Ct. June 13, 2002).

---

[3] U-Haul initially argued that 10 Del. C. § 8107, with a two-year statute of limitations, applied. (D.I. 68 at 11 n.39). It has since conceded that § 8106 is the appropriate statute. (D.I. 79 at 3).

Curt and U-Haul's argument is based on their reading of *Ontario Hydro v. Zallea Sys., Inc.*, 569 F. Supp. 1261, 1268 (D. Del. 1983), a District of Delaware case which interpreted Delaware law to conclude,

> The general and well-settled law of Delaware is that tort actions accrue under 10 *Del.C.* § 8106 at the time of the occurrence of the wrongful act, and that the statute of limitations begins to run from that date, and ignorance of the cause of action, absent affirmative concealment or fraud, is no obstacle to the operation of the limitation period.

*Ontario Hydro v. Zallea Sys., Inc.*, 569 F. Supp. 1261, 1268 (D. Del. 1983) (footnote omitted). Curt and U-Haul interpret *Ontario Hydro* for more than it stands for. *Ontario Hydro* and the Delaware cases it cites concerned the "time-of-discovery" rule, which provides in professional malpractice cases that the cause of action does not accrue until the plaintiff learns of the negligent conduct. *Id.* at 1269. Citing a string of Delaware cases, *id.*, *Ontario Hydro* concluded that, outside the professional malpractice context where the "time-of-discovery" rule applies, ignorance of a cause of action does not toll the statute of limitations, *id.* at 1268. *Ontario Hydro*'s approving cite to and discussion of *Nardo v. Guido DeAscanis & Sons, Inc.*, 254 A.2d 254 (Del. Super. Ct. 1969), confirms that it was primarily speaking to the time-of-discovery rule, *id.* at 1269–70, not about when a claim accrues. *Nardo* provides, "A cause of action for breach of contract accrues at the time of the breach and a cause of action in tort accrues at the time of the injury." *Nardo*, 254 A.2d at 256. Thus, I do not think *Ontario Hydro* is relevant. *Ontario Hydro*'s focus on the "wrongful act" must be read considering the rule that for tort actions, the wrongful act occurs when the injury occurs. *ISN Software*, 226 A.3d at 733. Understood through that lens, *Ontario Hydro* does not pose an obstacle to Street Retail's argument. I note that, if it did, I would nevertheless have to follow the more recent Delaware Supreme Court case. Jurisdiction is based on diversity, and I have to follow the Delaware Supreme Court's explication of Delaware substantive law.

Because the negligence claims did not accrue until Street Retail suffered injury, those claims are not time-barred. Curt and U-Haul's motions to dismiss are denied with respect to those claims.

### B. Massachusetts Law Applies to and Does Not Preclude Street Retail's Breach of Implied Warranties Claims.

The next issue is whether Delaware or Massachusetts law applies to Street Retail's breach of implied warranties claims, and, if Delaware law is inapplicable, whether Street Retail states a claim under Massachusetts law. I conclude that Massachusetts law applies, and that Street Retail has a claim.

#### 1. Massachusetts Law Applies to Street Retail's Breach of Implied Warranties Claims.

Street Retail argues that it does not have a claim under Delaware law for breach of implied warranties, and that, as a result, Massachusetts law should apply. (D.I. 74 at 4–7). I agree.

In a diversity case, "the choice of law rules of the forum state [determine] which state's law will be applied." *Carrick v. Zurich-Am. Ins. Grp.*, 14 F.3d 907, 909 (3d Cir. 1994) (quoting *Shuder v. McDonald's Corp.*, 859 F.2d 266, 269 (3d Cir. 1988)). I therefore apply the choice of law rules of Delaware. Usually, in determining the applicable statute of limitations for an action whose cause arose in another state, Delaware courts apply the Delaware borrowing statute, 10 Del. C. § 8121, which provides,

> Where a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state or country where the cause of action arose, for bringing an action upon such cause of action.

When a cause of action is not available at all in Delaware, because it is not recognized, the borrowing statute does not apply, and the court applies the statute of limitations of the state in

which the cause of action is recognized. *See, e.g., Plumb v. Cottle*, 492 F. Supp. 1330, 1337 (D. Del. 1980) (applying the Maryland statute of limitations because Delaware did not recognize the cause of action at issue).[4]

Here, Street Retail argues that Delaware law does not recognize its claims for breach of implied warranties. (D.I. 74 at 4–7). In Delaware, breach of implied warranties actions are governed by 6 Del. C. § 2-275. Warranties only extend to third parties who are natural persons. 6 Del. C. § 2-318. Street Retail is a limited liability company, so, Street Retail contends, its "breach of warranty claim does not exist in Delaware." (D.I. 74 at 4). The Delaware Superior Court has affirmed this understanding: "the legislature expressed an intention to exclude legal entities from protection [under 10 Del. C. § 2-318]." *S&R Assocs., L.P. v. Shell Oil Co.*, 725 A.2d 431, 438 (Del. Super. Ct. 1998). I therefore accept Street Retail's argument.

Curt responds by citing *Dillon v. General Motors Corp.*, 315 A.2d 732 (Del. Super. 1974). That case noted that there is no privity requirement for inherently dangerous products. *Id.* at 735. "By analogy," Curt argues, "[*Dillon*] is support for the proposition that just as the privity requirement has been abandoned in personal injury actions where the item is inherently dangerous, so should the privity requirement be abandoned in actions for economic injury where the good is inherently defective." (D.I. 80 at 5–6). I fail to see the connection. The court in *Dillon* was focused on personal injury—"imminent[] danger[] to life or limb[,]" *Dillon*, 315 A.2d at 735—so its reasoning seems wholly inapplicable to legal entities. Especially in light of the Delaware Superior Court's explicit determination that the legislature intended to "exclude legal entities from

---

[4] The parties dispute whether a doctrine based on *Saudi Basic Industries Corp. v. Mobil Yanbu Petrochemical Co.*, 866 A.2d 1 (Del. 2005) provides a separate basis on which to conclude that the borrowing statute does not apply. (D.I. 74 at 7; D.I. 79 at 1; D.I. 80 at 3). Because I conclude that Massachusetts law applies and that Street Retail states a claim under Massachusetts law, I do not need to decide whether *Saudi Basic* has any applicability to this case.

protection[,]" *S&R Assocs.*, 725 A.2d at 438, Curt's argument by analogy to *Dillon* provides Curt with little support.

Curt similarly argues, "6 Del. C. § 2–318 does not limit the recovery for breach of warranties to those satisfying the common law requirement of privity of contract." (D.I. 80 at 6). This argument does not seem to have any bearing on whether recovery is limited to natural persons, and is therefore irrelevant.

### 2. Street Retail Has a Claim Under Massachusetts Law.[5]

Having demonstrated that Delaware does not recognize its breach of implied warranties claims, Street Retail argues that Massachusetts does. (D.I. 74 at 5–7). The Massachusetts version of § 2-318 is different than the Delaware version. The Massachusetts version reads:

> Lack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer, seller, lessor or supplier of goods to recover damages for breach of warranty, express or implied, or for negligence, although the plaintiff did not purchase the goods from the defendant if the plaintiff was a person whom the manufacturer, seller, lessor or supplier might reasonably have expected to use, consume or be affected by the goods. The manufacturer, seller, lessor or supplier may not exclude or limit the operation of this section. Failure to give notice shall not bar recovery under this section unless the defendant proves that he was prejudiced thereby. All actions under this section shall be commenced within three years next after the date the injury and damage occurs.

Mass. Gen. Laws c. 106 § 2-318. Unlike Delaware law, Massachusetts law extends warranty liability to any "person whom the manufacturer, seller, lessor or supplier might reasonably have expected to use, consume or be affected by the goods." Because Massachusetts defines "person" to include limited liability companies, *see* Mass. Gen. Laws c. 106 § 1-201, Street Retail argues that its warranty claims are cognizable under Massachusetts law. (D.I. 74 at 5–7). Curt responds, "only buyers and users of consumer goods, not commercial entities, may avail themselves of the

---

[5] The only brief of either Defendant that meaningfully addresses whether Plaintiff states a claim under Mass. Gen. Laws c. 106 § 2-318 is Curt's reply brief. (D.I. 80 at 7–11).

relaxed privity standard afforded by [Mass. Gen. Laws] c. 106 § 2-318." (D.I. 80 at 7).  I agree with Street Retail.

In Massachusetts, breach of implied warranties claims are assessed under one of two statutes: Mass. Gen. Laws c. 106 § 2-318 and Mass. Gen. Laws c. 106 § 2-725.  The former has a statute of limitations of "three years after the date the injury and damage occurs."  The latter has a statute of limitations of "four years after the cause of action has accrued."  A cause of action accrues under § 2-725 "when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.  A breach of warranty occurs when tender of delivery is made[.]"  Tender of delivery of the tow hitch occurred "before the product was recalled in 2011." (D.I. 65 at 7–8; D.I. 74 at 4).  The fire occurred in 2021, less than three years before Street Retail filed suit.  (D.I. 1-1 at 5 of 14).  Thus, determining which statute applies also determines whether Street Retail's breach of implied warranties claim is barred by the statute of limitations.  Furthermore, § 2-725 requires privity between the plaintiff and defendant, whereas § 2-318 does not.  *Sebago, Inc. v. Beazer E., Inc.*, 18 F. Supp. 2d 70, 99 (D. Mass. 1998).  "[Street Retail] was not in privity with the [D]efendants." (D.I. 74 at 7).  Thus, if § 2-725 is the applicable statute, Plaintiff cannot state a claim because it cannot allege privity.

To determine which of the two breach of warranties statutes applies to a claim, Massachusetts courts ask whether the claim sounds in tort or contract.  Usually, "the statute of limitations of § 2-318 applies to tort-based warranty claims and [] the statute of limitation[s] of § 2-725 applies to contract-based warranty claims."  *Bay State-Spray & Provincetown S.S., Inc. v. Caterpillar Tractor Co.*, 404 Mass. 103, 107 (1989).[6]  An exception (not applicable to this case)

---

[6] Curt suggests that *Bay State-Spray* "eliminated the privity requirement only for tort-based claims seeking recovery for personal injuries caused by breaches of warranty." (D.I. 80 at 8).  But it is clear that § 2-318 reaches property damage in addition to personal injury.  As the Supreme Judicial

exists for contract-based breach of warranties actions involving buyers of consumer goods, which are governed by § 2-318 even though they do not sound in tort. *See Jacobs v. Yamaha Motor Corp.*, 420 Mass. 323, 330–31 (1995); *Sebago*, 18 F. Supp. 2d at 98.

Street Retail is correct in asserting that it can avail itself of § 2-318. Its claim, seeking roughly two million dollars in property damage on account of the fire caused by the defective tow hitch (D.I. 1 at 2 of 6), sounds in tort rather than contract. It is, in essence, a products liability claim, and "section 2-318 is designed to cover breach of warranty actions that are in essence products liability actions . . . ." *Wilson v. Hammer Holdings, Inc.*, 850 F.2d 3, 7 (1st Cir. 1988).

Curt and U-Haul argue that Street Retail's warranty claims are contract-based because they only seek to recover economic losses. (D.I. 79 at 5, D.I. 80 at 9). "When economic loss is the only injury that is claimed, recovery for breach of an implied warranty should be construed as contract-based, not tort-based[.]" *AcBel Polytech, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 928 F.3d 110, 119 (1st Cir. 2019) (citing *Jacobs*, 420 Mass. at 328). I disagree that the only injury is "economic loss." *Superior Kitchen Designs, Inc. v. Valspar Indus. (U.S.A.), Inc.*, 263 F. Supp. 2d 140 (D. Mass. 2003) is helpful:

> Massachusetts courts have defined economic loss as damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits without any claim of personal injury or damage to other property.
> . . .
> In determining whether a defective product has damaged other property, courts will look to whether the defective product was part of an integrated system: damage by a defective component of an integrated system to either the system as a whole or other system components is not damage to 'other property'.

---

Court explained in *Jacobs v. Yamaha Motor Corp.*, 420 Mass. 323, 329 ((1995), "The UCC provides three alternative provisions for § 2-138 . . . . The Massachusetts form of § 2-318 goes beyond Alternative C. . . . Only Alternative C concerns more than personal injury, extending rights to nonprivity plaintiffs who have sustained property damage or economic loss." *Bay State-Spray* itself characterizes § 2-318 as "express[ing] new principles of strict liability for personal injuries and property damage[.]" 404 Mass. at 104.

*Id.* at 144–45 (cleaned up).  Here, the tow hitch was not, in any sense, part of an "integrated system" of which the apartment building was merely another component.  Therefore, the apartment building is clearly "other property."  Nor is Street Retail seeking damages necessary to repair or replace the tow hitch, or for loss of profits.  This is not a claim to recover economic losses as Massachusetts defines them.

Having determined that Street Retail's warranty claims sound in tort, I now reach the thrust of Curt's argument: that a commercial entity such as Street Retail cannot avail itself of § 2-318.  Curt's argument rests on the assertion that Street Retail is not a buyer of consumer goods, and therefore cannot take advantage of the exception in *Jacobs* to the usual rule that contract-based warranty claims are subject to § 2-725, rather than § 2-318.  (D.I. 80 at 8).  But since I conclude that Street Retail's claim sounds in tort, rather than contract, Street Retail does not need to take advantage of the *Jacobs* exception.  The warranty claim is not contract-based.

To be sure, some of the cases on which Curt relies suggest, out of context, the opposite conclusion.  *Sebago*, for example, includes the following heading: "A Lack of Privity Bars a Commercial Plaintiff['s] Breach of Warranty Claims Under Massachusetts Law[.]"  18 F. Supp. 2d at 97.  It is clear upon reading *Sebago*, however, that its reasoning is focused on contract-based warranty claims: "*contract-based warranty claims involving commercial transactions* may generally call for different treatment than tort-based warranty claims."  *Id.* (quoting *Jacobs*, 420 Mass. at 330) (emphasis in original).  In line with this view, the District of Massachusetts in *Organic Mulch & Landscape Supply of New England, LLC v. PROBEC, Inc.*, 2017 WL 3122561, at *2 (D. Mass. July 21, 2017) described this line of cases, including *Sebago*, as holding uniformly that "a contract-based breach of warranty claim arising in a commercial context requires a showing of privity of contract."  That reasoning does not apply when a commercial plaintiff brings a tort-

12

based claim. Accordingly, when the District of Massachusetts was confronted with a case in which a commercial plaintiff sued for breach of implied warranties in *Superior Kitchen*, it "[a]ssum[ed] that Massachusetts courts would relax the privity requirement for tort based warranty claims between commercial parties," 263 F. Supp. 2d at 146, the language in *Sebago* and Curt's other cases notwithstanding.[7]

Finally, Curt argues that the purpose of the distinction between consumer and commercial transactions would be defeated if Street Retail were permitted to bring a claim under § 2-318. (D.I. 80 at 9). But the "purpose" Curt identifies seems to have no bearing on this case: "a commercial user, unlike a consumer purchaser, can protect itself against economic losses by seeking express contractual assurances and remedies." (*Id.* (quoting *Organic Mulch*, 2017 WL 3122561, at *2)). When would Street Retail have had the opportunity to do that? Unlike the plaintiffs in the cases Curt cites, Street Retail cannot attribute any of its injuries to a commercial transaction over which it had the opportunity to seek contractual assurances. Instead, Street Retail suffered injuries—property damage—that might reasonably have been suffered by any plaintiff, commercial or not.

Where, as here, a commercial plaintiff brings a breach of implied warranties claim that sounds in tort rather than contract, I find that the plain language of § 2-318, as well as Mass. Gen. Laws c. 106 § 1-201—which defines "person" to include business entities—does not preclude a claim. Curt's arguments to the contrary focus almost entirely on contract-based implied warranties claims, none of which resemble Street Retail's claims.

---

[7] The court in *Superior Kitchen* nevertheless determined that the plaintiff's claim was contract-based, because "Superior purchased the Valspar products and applied them to the cabinets anticipating that they would not yellow, peel or flake. That the Valspar products failed to perform as anticipated implicates the parties's expectation of the bargain, which sounds in contract." *Superior Kitchen*, 263 F. Supp. 2d at 146. If the "failure of the Valspar products to perform as anticipated" had caused "risk to persons," however, then "tort policies would be implicated." *Id.*

13

Curt and U-Haul's motions to dismiss the breach of implied warranties claims are denied.

## IV.    CONCLUSION

For the reasons set forth above, Curt and U-Haul's motions to dismiss (D.I. 64, 66) are

DENIED.

An appropriate order will issue.

14